IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

Case No. 6:17-CV-03171-MDH

Rodney DeLong,

    Petitioner,

Vs.,

Dean Minor,

    Respondent.

## MOTION FOR AN EVIDENTIARY HEARING

COMES NOW, Rodney DeLong, petitioner, pro se, pursuant to U.S.C.S. § 2254 Case, R.8. and states the following:

1.) Petitioner has satisfied the mandatory restrictions imposed pursuant to 28 U.S.C. § 2254(e)(2) as evidenced by the record (Petitioner's Exhibit's A through Y);

2.) The state habeas courts decision is contrary to and involved an unreasonable application of Rees v. Peyton, 384 U.S. 312, 314 (1966); Pate v. Robinson, 383 U.S. 375 (1966); Drope v. Missouri, 420 U.S. 162 (1975) and Strickland v. Washington, 466 U.S. 668 (1984) as applied to the facts of this case (Pet-

itioner's Reply pg. 15-39);

3.) The record substantiates that the state habeas courts never considered petitioner's claims in a full and fair hearing;

4.) Petitioner's factual allegations are not contravened by the existing factual record, which, are true, and would entitle him to federal habeas relief;

5.) Petitioner's ineffective assistance of counsel claims (Petitioner's Reply pg. 20-30) are the cause of why the full extent of petitioner's competency has not been before any other court;

6.) Relevant and probative, petitioner has an extensive history with neurologists yet can not remember their names, relying on a jail house lawyer who has no access to the investigating tools of one whom is lettered in the law, this history, though out there, is absent at this time;

7.) Standing alone, petitioner's objective evidence of a traumatic brain injury (Petitioner's Exhibit A pg. 2A) buttressed and directly related to a "history of left occipital region craniotomy" that has resulted in and "absence of brain tissue" (Petitioner's Exhibit D pg. 7D-8D) gives this court reasonable cause to doubt petitioner's competency;

8.) An evidentiary hearing and the appointment of counsel is paramount for the effective utilization of discovery, to expand the record for any gaps this court believes to be in the record, and because the interest of justice so requires. 28 U.S.C.S. § 2254 Rules, supra note 2763, R.6(a) & R.8(c) and 18 U.S.C. § 3006 (a)(2)(B).

**WHEREFORE,** petitioner prays that this honorable court orders an evidentiary hearing for the reasons set forth in this motion and in petitioner's reply.

Respectfully Submitted,

*Rodney DeLong*
Rodney DeLong
C/O-D.O.C. #527086
Moberly Correctional Center
P.O. Box 7
Moberly, Mo. 65270

CERTIFICATE OF SERVICE

I, Rodney DeLong, petitioner, acting pro se, do hereby swear and certify that a true, complete and correct copy of the foregoing was placed in the inmate mailing system, postage pre paid, first class, on this 12th day of October 2017, mailed to:

Stephen D. Hawke
Assistant Attorney General
P.O. Box 899
Jefferson City, Mo. 65102
573-751-3321
573-751-3825 (fax)
Attorney for Respondent

*Rodney DeLong*
Rodney DeLong

Rodney DeLong
C/O-DOC#527086 @ H.U. 1-B-103
MOBERLY CORRECTIONAL CENTER
P.O. Box 7
Moberly, Missouri 65270

This correspondence is from an inmate in the custody of the Missouri Department of Corrections. The Department is not responsible for the content of this correspondence. For information about the Department or to verify information about the offender, please visit our website at www.doc.mo.gov.

-> LEGAL MAIL <-

MID-MISSOURI P&DF
MO 652 1 T
12 OCT 2017 PM

RECEIVED
2017 OCT 16 PM 12:39

U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
400 East 9th Street, Rm. 1510
KANSAS CITY, MO. 64106