IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY DELONG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-03171-CV-S-MDH-P |
| DEAN MINOR, | ) |
| Respondent. | ) |

## ORDER

Petitioner is a convicted state prisoner and filed this *pro se* matter pursuant to 28 U.S.C. § 2254. He challenges his 2009 conviction and 2010 sentence for first-degree robbery, which were entered in the Circuit Court of Jasper County. Because Respondent is correct that the petition is barred by the statute of limitations, this case is DISMISSED, and Petitioner's motion for an evidentiary hearing (Doc. 14) is DENIED.

### I. Standard

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1)(A). "The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* Additionally, 28 U.S.C. § 2244(d)(2) provides that the time during which Petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under § 2244(d).

### II. Petitioner's petition is untimely.

Petitioner brings four grounds: (1) ineffective assistance of counsel in failing to investigate Petitioner's mental health defects; (2) ineffective assistance of counsel in failing to

request a mental health examination; (3) the plea court violated Petitioner's due process rights in failing to *sua sponte* order a mental health examination despite the evidence before it; (4) the prosecutor violated Petitioner's due process rights in failing to request a mental health examination despite the evidence before her. Petitioner did not raise these grounds to the state court through direct appeal or through a claim of ineffective assistance of counsel. He states that he did not raise the grounds on direct appeal because "under Missouri law a criminal defendant has no right to appeal from a guilty plea." Doc. 1 at 5, 7, 8, 10. However, he did raise these claims unsuccessfully to the state courts through a writ of habeas corpus in the circuit court, the Court of Appeals, and the Missouri Supreme Court.

As the above standard indicates, the window to file a petition for habeas corpus opens at the conclusion of direct review and closes a year later. Absent the tolling provision and certain circumstances not relevant here, failure to file within that one-year window requires the Court to dismiss the petition. 28 U.S.C. § 2244(d)(1)(A).

Petitioner pleaded guilty on December 7, 2009, and the Court sentenced him on February 8, 2010. Petitioner had ten days after sentencing in which to appeal. Mo. Sup. Ct. R. 30.03. Petitioner did not appeal. His conviction thus became final on February 18, 2010. Petitioner filed his federal habeas petition on June 7, 2017. Thus, more than seven years passed between the finality of conviction and the filing of the habeas petition.

Petitioner appears to seek tolling under 28 U.S.C. § 2244(d)(2). The one-year statute of limitations for filing a federal habeas corpus petition is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. 2244(d)(2). Petitioner had state habeas petitions pending between October 5, 2015, and June 14, 2016; November 14, 2016, and November 15, 2016; and

2

December 8, 2016, and January 31, 2017. However, more than a year passed between the finality of the conviction on February 18, 2010, and the filing of the first state habeas petition on October 5, 2015. Thus, even with tolling, the one-year statute of limitations had expired long before Petitioner attempted to exhaust.

Petitioner appears to concede that his petition is untimely, but he insists that review is not barred. Doc. 1 at 13 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991), and *Holt v. Bowersox*, 191 F.3d 970 (8th Cir. 1999)). Respondent correctly notes that in *Coleman*, the offender failed to file a timely notice of appeal after the postconviction review court determined his claims were meritless. The Supreme Court held that the attorney's failure to file a timely notice of appeal in state court did not excuse the procedural default. *Coleman*, 501 U.S. at 753-4. The issue in the present case is not default, but Petitioner's failure to file a timely federal habeas corpus petition. The *Coleman* decision does not aid Petitioner.

In *Holt*, the Eighth Circuit held in part that "in order for mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." 191 F.3d at 974. Put another way, a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2011) (various psychiatric disorders did not mentally impair petitioner to such a degree to interfere with the running of the one-year statute of limitations).

In the case at bar, Petitioner has not met the threshold requirement necessary to show that he was prevented from pursuing a federal petition from February 18, 2010, through February 18,

2011, because Petitioner has not submitted any evidence to show that he had a mental impairment of sufficient degree and duration that was an extraordinary circumstance interrupting the limitation period. *Nichols*, 11 Fed. Appx. at 634. Rather, as noted by the state habeas court, Petitioner did not have a mental disease or defect that prevented him from pursuing a direct appeal or Rule 24.035 relief immediately after the February 8, 2010, judgment. Doc. 1-1 at 4. After the guilty plea, Petitioner was able to communicate with the sentencing court. Doc. 9-1 at 4-5. Later, Petitioner was able to litigate his state habeas petitions. Docs. 9-2, 9-3, 9-4. And although Petitioner includes some medical records in his filings, none of them indicate that his mental illness prevented him from timely filing in federal court during the relevant period. Under these circumstances, Petitioner does not demonstrate that a mental illness prevented him from timely filing a federal habeas corpus petition. *See Gordon v. Arkansas*, 823 F.3d 1188 (8th Cir. 2016) (offender must demonstrate mental illness prevented timely federal court filing.

### III. Petitioner's motion for an evidentiary hearing (Doc. 14).

Petitioner requests an evidentiary hearing. An evidentiary hearing on a habeas petition is mandatory only if a petitioner was denied a "full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The Court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief. *Id.* Upon careful consideration, the Court has determined that Petitioner's claims do not entitle him to relief on any of the grounds asserted in his petition. The Court concludes that no ground of the petition requires further evidentiary development for its resolution. Furthermore, Petitioner fails to demonstrate that an evidentiary hearing is warranted under the applicable standards set forth in 28 U.S.C. § 2254(e)(2). Thus, his request for an evidentiary hearing is denied.

## IV. A certificate of appealability is denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, Petitioner must show that "reasonable jurists" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability is DENIED.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is dismissed;

(2) Petitioner's motion for an evidentiary hearing is denied; and

(3) the issuance of a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

DATED: November 7, 2017